[Cite as *State v. Gross*, 2011-Ohio-6490.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellant                :          C.A. CASE NO.    24666

v.                                     :          T.C. NO.    11CR266

RICHARD D. GROSS                       :          (Criminal appeal from
                                                  Common Pleas Court)

    Defendant-Appellee            :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   16th   day of    December   , 2011.

. . . . . . . . . .

TIMOTHY J. COLE, Atty. Reg. No. 0084117, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

ADELINA E. HAMILTON, Atty. Reg. No. 0078595, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** This matter is before the Court on the Notice of Appeal of the State of Ohio, filed June 1, 2011. On February 15, 2011, Richard D. Gross was indicted for one count of operating a motor vehicle while under the influence ("OVI"), having previously been

convicted of OVI five or more times within 20 years, in violation of R.C. 4511.19(A)(1)(a) /4511.19(G)(1)(d), a felony of the fourth degree. Gross pled not guilty, and on March 17, 2011, he filed a "Motion to Strike Prior Conviction Element; Request for Hearing," arguing that his prior 2008 OVI conviction, in Bellefontaine Municipal Court, case no. 2008 CR 1113, ("2008 conviction"), was without counsel or an effective waiver thereof, and that it accordingly could not be used to enhance a subsequent offense.

{¶ 2} The court held an evidentiary hearing on April 11, 2011, and it directed the parties to brief the issue thereafter. After the submission of briefs, on May 25, 2011, the trial court issued a "Decision and Entry Sustaining 'Motion of Defendant to Strike Prior Conviction Element.'" The court thoroughly reviewed the transcript of Gross' plea hearing from the 2008 conviction, and it determined that the State did not establish that Gross knowingly, intelligently and voluntarily waived his right to counsel. According to the trial court, the State failed "to overcome the presumption against a valid waiver of the fundamental constitutional right to counsel." The court struck Gross' 2008 conviction from the indictment.

{¶ 3} The State asserts two assignments of error. The State's first assigned error is as follows:

{¶ 4} "THE TRIAL COURT ERRED WHEN IT FOUND THAT GROSS DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVE HIS RIGHT TO COUNSEL."

{¶ 5} According to the State, Gross' 2008 conviction is a petty offense, and the Bellefontaine Municipal Court's colloquy complied with Crim.R. 44(B) such that Gross'

waiver was valid.

**{¶ 6}** The record reveals the following exchange at the plea hearing at issue:

**{¶ 7}** "THE COURT: Ladies and gentlemen, when your name is called, I want you to step up to the lectern in front of me and the charges that have been filed against you in this court will be read to you. You will then be asked to enter a plea to those charges. Pleas available to you when your name is called are the pleas of guilty, not guilty, or no contest.

**{¶ 8}** "A plea of guilty or not guilty is self-explanatory. A plea of no contest, on the other hand, is a plea by which you indicate to me that you do not contest the officer's written statement of facts which has been attached to your citation. After I hear the officer's statement of facts on a plea of no contest, I will enter a finding of either guilty or not guilty immediately from the bench. Since I only hear one side of a case on a plea of no contest, however, it generally results in a finding of guilty and should be considered by you as an alternative to the guilty plea and not an alternative to a not guilty plea. Ms. Carmean, will you call the first case?

**{¶ 9}** "(Arraignments held of other defendants.)

**{¶ 10}** "THEREUPON, the following explanation was presented in open court:

**{¶ 11}** "THE COURT: And do you understand your legal rights? Let me explain them to you. This also applies to anyone else who is here for an arraignment this morning whose name I have not yet called, so pay careful attention to the explanation of legal rights that I make to Mr. Bussinger (phonetic).

**{¶ 12}** "The first two charges that the clerk read are driving under suspension, are misdemeanors of the first degree, which means they carry with them a potential of a jail

sentence. In any case as that, you have a right to a jury trial in this court if you desire one, and you have the right to be represented by an attorney.

{¶ 13} "If you need additional time to speak to an attorney before you enter a plea today, then you have a right to a continuance of this hearing in order to talk to your attorney.

{¶ 14} "Finally, if you wish to be represented by an attorney but you don't have the funds to hire your own attorney, you have a right to have an attorney appointed to represent you by the court if the court is satisfied that you are indigent. Do you understand those rights [?]

{¶ 15} "(Further arraignments held of other defendants.)

{¶ 16} "THE CLERK: Richard D. Gross. Mr. Gross, you are charged with operating a motor vehicle while under the influence of alcohol or drugs of abuse, you're charged with operating a motor vehicle with fictitious plates, and you're further charged with a failure to yield violation.

{¶ 17} "THE COURT: Sir, do you understand what you're been charged with?

{¶ 18} "DEFENDANT GROSS: Yes.

{¶ 19} "THE COURT: And do you understand your legal rights as I explained them earlier?

{¶ 20} "DEFENDANT GROSS: Yes.

{¶ 21} "THE COURT: Are you prepared to enter a plea at this time?

{¶ 22} "DEFENDANT GROSS: Yes, sir.

{¶ 23} "THE COURT: What plea?

{¶ 24} "DEFENDANT GROSS: No contest."

{¶ 25} The clerk then read the report of Officer Comstock of the Bellefontaine Police Department into the record, and the court gave Gross the opportunity to make a statement. Following Gross' comments, the court found him guilty upon his no contest plea and allowed Gross to make a statement prior to sentencing. The court then noted Gross' "terrible driving record," and it imposed a $25.00 fine on each of the failure to yield charge and the fictitious tags charge, plus court costs. On the OVI offense, the court imposed a fine of $450.00 plus court costs. The court further sentenced Gross to 30 days in the Logan County jail, with 20 days suspended. The court suspended Gross' driver's license for two years and placed him on probation for two years. Finally, the court ordered Gross to complete alcohol counseling as arranged by his probation officer. The court then ordered Gross to begin his mandatory 10 day sentence immediately.

{¶ 26} As Gross asserts, "[a]n uncounseled prior conviction, one where the defendant was not represented by counsel, cannot be used to enhance a subsequent offense if that prior conviction resulted in a sentence of confinement or a suspended sentence. (Citations omitted)." *State v. Albert*, Montgomery App. No. 23148, 2010-Ohio-110, ¶ 6.

{¶ 27} "Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right, including the right to counsel. (Citation omitted). The waiver must affirmatively appear in the record, and the State bears the burden of overcoming presumptions against a valid waiver." Id., ¶ 7.

{¶ 28} "For a waiver of the right to counsel to pass constitutional muster, it must be knowing, intelligent and voluntary. Crim.R. 44(B) (further citations omitted). Id., ¶ 8.

{¶ 29} "'At the core of Crim.R. 44(B) is the offender's inability to obtain counsel.

In [*State v. Tymcio* (1975), 42 Ohio St.2d 39], the Supreme Court of Ohio held that the trial court in a criminal case must inquire fully into the circumstances surrounding an accused's inability to obtain counsel and, consequently, the accused's need for assistance in employing counsel or for receiving court-appointed counsel. 42 Ohio St.2d at paragraph three of the syllabus. "In its reasoning the Supreme Court made no distinction between indigents and non-indigents, basing the holding on the inability of defendant to obtain legal counsel for whatever reason, financial or otherwise. Similarly, the Supreme Court made no distinction between serious and petty offenses.""" (citation omitted). *State v. Hill*, Champaign App. No. 2008-Ohio-6040, ¶ 22.

{¶ 30} "In order to ensure that a waiver of counsel is made knowingly, intelligently and voluntarily, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right. (Citations omitted)." *Albert*, ¶ 10.

{¶ 31} ""The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused - whose life or liberty is at stake - is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' [*Johnson v. Zerbst* (1938), 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461.] To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive that right does not automatically

end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.' (Citations omitted.)" Id., ¶ 12, quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723-724, 68 S.Ct. 316, 92 L.Ed. 309.

{¶ 32} "Absent a dialogue with Defendant that complies with the *Von Moltke* requirements, a written waiver is not sufficient to establish a valid waiver of the right to counsel. (Citations omitted.)" *Albert*, ¶ 45. This Court has determined that a "sketchy or minimal inquiry touching upon only some of the factors enumerated in *Von Moltke* * * * will not adequately establish an effective waiver of counsel." *State v. Gatewood*, Clark App. No. 2008 CA 64, 2009-Ohio-5610, ¶ 43.

{¶ 33} Regarding the requirement that the trial court advise the defendant of the possible defenses and circumstances in mitigation, this Court in *Gatewood* cited *State v. Pillow*, Greene App. No. 2007 CA 102, 2008-Ohio-5902, as "'a textbook example of the proper way to handle a defendant's decision to proceed without the benefit of counsel.'" *Gatewood*, ¶ 44. Therein, "the trial court gave examples of the types of defenses that might be present: the state failed to establish one of the elements of an offense; the defendant was not the person who committed the crime; or there was some sort of self-defense or failure to have the mental capacity to commit the offenses. Id. at ¶ 37. These examples of possible

defenses were not tailored to the specific facts of the case, but they helped to inform the defendant of the types of defenses he might have available to him, with or without counsel." *Gatewood*, id.

{¶ 34} As the trial court correctly determined, when Gross entered his no contest plea in the course of his 2008 conviction, the municipal court did not advise Gross of the range of possible punishments, it did not advise him of possible defenses and circumstances in mitigation, and it did not advise him of the dangers and disadvantages of self-representation. The written waiver of counsel executed by Gross, as the trial court further noted, did not set forth the range of allowable punishments, delineate any defenses, or address the dangers of self-representation.

{¶ 35} We agree with the trial court that the State did not overcome the strong presumption against the valid waiver of the fundamental constitutional right to counsel. Since Gross did not knowingly, intelligently and voluntarily waive his right to counsel, the State's first assigned error is overruled.

{¶ 36} The State's second assigned error is as follows:

{¶ 37} "THE TRIAL COURT'S CONVICTION IS VALID REGARDLESS OF THE COURT'S FINDING ON THE ISSUE OF WAIVER."

{¶ 38} According to the State, even in the absence of a knowing, intelligent and voluntary waiver of counsel, the 2008 conviction is valid "and should be admissible evidence of a prior conviction." The State directs our attention in part to *State v. Hill*, Champaign App. No. 2008 CA 9, 2008-Ohio-6040. Therein, this Court determined, pursuant to Crim.R. 44(B), that the trial court incorrectly imposed a sentence of

9

incarceration for petty theft, where Hill did not knowingly, intelligently and voluntarily waive his right to counsel. This Court affirmed Hill's conviction but vacated the trial court's sentence of 180 days in jail, with 177 days suspended.

{¶ 39} The validity of the 2008 conviction is not at issue, and we agree with Gross, as quoted in the analysis of the State's first assigned error, that "[a]n uncounseled prior conviction, one where the defendant was not represented by counsel, cannot be used to enhance a subsequent offense if that prior conviction resulted in a sentence of confinement or a suspended sentence. (Citations omitted)." *Albert*, ¶ 6.

{¶ 40} There being no merit to the State's second assigned error, it is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J., concurs.

HALL, J., concurring:

{¶ 41} I agree that the defendant's prior conviction, on this record, did not include a sufficient waiver of counsel to allow the prior uncounseled conviction to be used as a predicate offense to enhance the current charge. I write to point out that consideration of what constitutes a waiver of counsel for a petty offense in a municipal court is not identical to the waivers for the felony offenses in the *Von Moltke, Albert, Gatewood,* and *Pillow* cases cited. If a "judge must investigate as long and as throughly as the circumstances of the case before him demand" *Albert*, ¶ 12, the fact that the case is a petty offense in municipal court is one of the factors to evaluate. I concur.

. . . . . . . . . .

Copies mailed to:

Timothy J. Cole
Adelina E. Hamilton
Hon. Dennis J. Langer