The STATE of Ohio, Appellee,

v.

ENGLE, Appellant.

[Cite as *State v. Engle*, 183 Ohio App.3d 488, 2009-Ohio-1944.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22455.

Decided April 17, 2009.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Michael T. Columbus, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Raymond Engle, was indicted for the offenses of burglary, R.C. 2907.05(A)(5), and gross sexual imposition, R.C. 2911.12(A)(1). The charges arose from events that allegedly took place on March 24, 2007, when an unknown

man broke into C.M.'s apartment during the early morning hours and assaulted her. Defendant, who lived nearby, was taken into custody shortly after. C.M. identified defendant as the perpetrator in both a one-man show-up that night and from a photospread she was shown two days later.

{¶ 2} Counsel appointed to represent defendant moved to suppress C.M.'s identification of defendant. Defendant thereafter moved to represent himself. Following a hearing, the court granted defendant's motion to represent himself. Defendant represented himself at the hearing on the motion to suppress, which the court denied. Defendant also represented himself at his trial.

{¶ 3} The jury returned verdicts finding defendant guilty of the charges on which he was indicted. The court imposed consecutive prison terms of eight years for burglary and eighteen months for gross sexual imposition. Defendant appeals.

### FIRST ASSIGNMENT OF ERROR

{¶ 4} "The trial court erred in failing to obtain a valid waiver of appellant's right to counsel."

{¶ 5} Crim.R. 44(C) provides:

{¶ 6} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

{¶ 7} In *State v. Dyer* (1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034, we wrote:

{¶ 8} "Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel. *In re East* (1995), 105 Ohio App.3d 221, 224, 663 N.E.2d 983, 985, quoting *Brewer v. Williams* (1977), 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424; *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 217, 17 OBR 458, 459–460, 479 N.E.2d 309, 311–312. Therefore, a waiver may not be presumed from a silent record. *East* at 224, 663 N.E.2d at 985, citing *Carnley v. Cochran* (1962), 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. Rather, the waiver must affirmatively appear in the record. *Id.,* citing *State v. Haag* (1976), 49 Ohio App.2d 268, 3 O.O.3d 301, 360 N.E.2d 756, and *Cleveland v. Whipkey* (1972), 29 Ohio App.2d 79, 58 O.O.2d 86, 278 N.E.2d 374; *Brewer,* 17 Ohio App.3d at 217, 17 OBR at 459–460, 479 N.E.2d at 311–312. The state bears the burden of overcoming presumptions against a valid waiver."

{¶ 9} In *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309, the Supreme Court held:

{¶ 10} "We have said: 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' [*Johnson v. Zerbst* (1938), 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461.] To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." (Citations omitted.)

{¶ 11} A hearing on defendant's motion to represent himself was held on May 4, 2007. A video transcript of the hearing was filed. A typed copy of that record is attached to the state's brief. App.R. 9(A). The court's entire colloquy with defendant regarding his motion, beginning with the court's comment, states:

{¶ 12} "The Court is cognizant of *Faretta v. California* [ (1948), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562] which allows for a defendant to represent himself if he knowingly and intelligently waives, on the record, his right to counsel. And the Court has an obligation to make a determination about whether Defendant is, in fact, able to represent himself.

{¶ 13} "Mr. Engle, you filed your motion to represent yourself pro se and not utilize the services of Mr. Goraleski. Have you discussed this with Mr. Goraleski?

{¶ 14} "THE DEFENDANT: Yes, I have.

{¶ 15} "THE COURT: And Mr. Goraleski is a senior lawyer in the Public Defender's Office, a very experienced lawyer.

{¶ 16} "Knowing that, do you wish to proceed on your motion to represent yourself?

{¶ 17} "THE DEFENDANT: True.

{¶ 18} "THE COURT: Mr. Engle, how old are you?

{¶ 19} "THE DEFENDANT: I'll be 53 this year, sir.

{¶ 20} "THE COURT: How much schooling have you had?

{¶ 21} "THE DEFENDANT: I've got about five years of college right now. So I've got—I've probably got 235 credit hours.

{¶ 22} "THE COURT: Okay.

{¶ 23} "THE DEFENDANT: Yeah.

{¶ 24} "THE COURT: And have you ever represented yourself in any other proceeding other than this—

{¶ 25} "THE DEFENDANT: Yes, I have.

{¶ 26} "THE COURT: And what is that? When did you do that? What kind of case?

{¶ 27} "THE DEFENDANT: It was, I'm going to say in December of '93.

{¶ 28} "THE COURT: Here in Montgomery County?

{¶ 29} "THE DEFENDANT: Greene County.

{¶ 30} "THE COURT: In Greene County? Was it a criminal case?

{¶ 31} "THE DEFENDANT: Correct, it was.

{¶ 32} "THE COURT: All right. And did the Court permit you to represent yourself in that case?

{¶ 33} "THE DEFENDANT: Yes, sir, they did.

{¶ 34} "THE COURT: Did they? All right.

{¶ 35} "Well, you've been through, but—well, did that case go to trial?

{¶ 36} "THE DEFENDANT: Yes, it did, sir.

{¶ 37} "THE COURT: All right. And did you have stand-by counsel in that case?

{¶ 38} "THE DEFENDANT: I did.

{¶ 39} "THE COURT: All right. The—all right—do you feel that you have some knowledge of the Rules of Evidence that apply in criminal trials?

{¶ 40} "THE DEFENDANT: I'd say really I probably got about 40,000 hours of studying criminal law.

{¶ 41} "THE COURT: Okay.

{¶ 42} "THE DEFENDANT: Oh, yeah.

{¶ 43} "THE COURT: So you feel you know the rules, the criminal rules, that apply in a case as well as the Rules of Evidence?

{¶ 44} "THE DEFENDANT: True.

{¶ 45} "THE COURT: Okay. So in other words, my question is to decide whether you would be able to make objections and carry on the case as if you were represented by a lawyer.

{¶ 46} "THE DEFENDANT: True, I could.

{¶ 47} "THE COURT: You say you can?

{¶ 48} "THE DEFENDANT: Yes.

{¶ 49} "THE COURT: All right.

{¶ 50} "All right. Well, I want to make sure also that you understand the role of the Court—that I can't help you in your defense. But if you undertake to represent yourself in the case, the Court's obligation is to make rulings and to conduct the trial in a fair and impartial way. And I can't help one side or the other in the presentation of their case. Do you understand?

{¶ 51} "THE DEFENDANT: Yes, sir, I do.

{¶ 52} "THE COURT: Okay.

{¶ 53} "The—given your experience then and the fact that you've been through this once before and it's your desire to do it in this case, I'm going to then permit you to do it based on these answers that you've given here today.

{¶ 54} "THE DEFENDANT: Thank you.

{¶ 55} "THE COURT: You're welcome

{¶ 56} "And—but I am going to have Mr. Goraleski sit with you as court counsel available to you should you have any questions or questions arise as a resource for you.

{¶ 57} "THE DEFENDANT: Thank you.

{¶ 58} "THE COURT: You're welcome."

{¶ 59} Defendant signed a written waiver of his right, which was filed on May 16, 2007. The written waiver states:

{¶ 60} "Now comes the Defendant, Raymond Engle, pursuant to Ohio Criminal Rule 44(C), and after having been fully advised of my right to have assigned counsel for the above captioned case, and after been fully advised by the Court of the nature of the charges against me, the statutory offenses within, the range of allowable punishments for each offense, possible defenses and mitigation do hereby make a knowing, voluntary and intelligent waiver of my right to counsel.

{¶ 61} "I understand that I will represent myself at all future stages of the criminal prosecution. This would include any motions, hearings, and/or trials.

No one has forced, threatened or promised me anything in order for me to waive my right to counsel.

"_____/s/_____
Raymond Engle—Defendant."

{¶ 62} The colloquy the court conducted with defendant fully probed his capacity to represent himself based on his education, age, and experience. However, the record is silent with respect to the *Von Moltke* requirement that a defendant's waiver of his right to counsel also must "be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, [and] possible defenses to the charges and circumstances in mitigation thereof." 332 U.S. at 723–724, 68 S.Ct. 316, 92 L.Ed. 309. Having made no mention at all of those matters to defendant in relation to the case against him, the court could not discharge the duty to investigate defendant's understanding of them, which *Von Moltke* instructs is necessary to rebut the strong presumption against waiver.

{¶ 63} The state argues that the written waiver defendant signed is sufficient for that purpose. We do not agree. The several acknowledgments in that writing that defendant made are belied by the transcript of the hearing the court conducted. Furthermore, because Crim.R. 44 requires waivers to be made in open court and Crim.R. 22 requires them to be recorded, the transcript of the hearing necessarily governs.

{¶ 64} The first assignment of error is sustained.

## SECOND ASSIGNMENT OF ERROR

{¶ 65} "The state failed to provide sufficient evidence to prove beyond a reasonable doubt that appellant committed the charged offense, and the jury's guilty verdict amounts to a manifest miscarriage of justice."

## THIRD ASSIGNMENT OF ERROR

{¶ 66} "The show-up identification and photospread made of the defendant was unduly suggestive and prejudicial."

## FOURTH ASSIGNMENT OF ERROR

{¶ 67} "The trial court erred by failing to adhere to statutory sentencing guidelines and appellant's sentence is inconsistent with sentences of similar offenders, a lesser sentence is commensurate with and would not demean the seriousness of the offense and impact of the victim."

{¶ 68} The errors assigned pertain to the hearing on defendant's motion to suppress and at his trial, during which defendant represented himself. Our ruling sustaining the first assignment of error renders these further assignments of error moot, and we therefore decline to decide them. App.R. 12(A)(1)(c).

{¶ 69} The judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed<br>
and cause remanded.

BROGAN and FAIN, JJ., concur.