[Cite as *In re D.J.*, 2014-Ohio-2778.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101180

## IN RE:   D.J.

## A Minor Child

## JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No.   AD 10919208

**BEFORE:**   E.A. Gallagher, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   June 26, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Michelle A. Myers
Assistant County Prosecutor
C.C.D.C.F.S.
3955 Euclid Avenue, Room 305E
Cleveland, Ohio    44115


**ATTORNEY FOR APPELLEE J.-B.**

Martin J. Keenan
Buckeye Legal Center
11510 Buckeye Road
Cleveland, Ohio    44104

**For John Doe**

John Doe
c/o Office of Clerk
Juvenile Division
9300 Quincy Avenue
Cleveland, Ohio    44106

**For J.H.**

J.H.
#510-487, Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio    45036

Carla L. Golubovic
Guardian Ad Litem
P.O. Box 29127
Parma, Ohio    44129

EILEEN A. GALLAGHER, J.:

**{¶1}** Appellant Cuyahoga County Department of Children and Family Services ("CCDCFS") appeals from the Cuyahoga County Juvenile Division Court's decision denying its motion to modify temporary custody of child D.J. to permanent custody and ordering that temporary custody continue. We dismiss for lack of a final appealable order.

**{¶2}** In *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, the Ohio Supreme Court held that a trial court order denying the motion of a children-services agency to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C. 2505.02(B)(1) or (2). This is the precise procedural posture of the case presently before this court.

**{¶3}** CCDCFS argues that amendments to R.C. 2151.415(D)(4) and 2151.353(F) enacted after the court's decision in *Adams* that placed a two-year limitation on a juvenile court's ability to extend temporary custody have undermined *Adams'* authority going forward. The Ohio Supreme Court explained the underpinning of the *Adams* decision in *In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, as follows:

> The rationale for our conclusion in *Adams* was that the order denying permanent custody of the child to the children-services agency did not determine the action or prevent a judgment under R.C. 2505.02(B)(1). Rather, the parties were subject to further court orders because the

temporary-custody order remained in place and the status quo was thus maintained. Moreover, the children-services agency was not foreclosed from seeking a different dispositional order, such as returning the child to a parent, placing the child in the legal custody of a relative, or renewing a request for permanent custody.

> We also concluded in *Adams* that a children-services agency does not have a substantial right in the permanent custody of a child based on the fact that the agency has temporary custody of the child. In contrast, a parent does have a substantial right in the custody of his or her child. * * *

(Citations omitted.) *Id.* at ¶ 10-11.

{¶4} CCDCFS argues that the trial court's extension of temporary custody beyond the limitations of R.C. 2151.415(D)(4) takes this case outside the holding of *Adams* and renders the juvenile court's denial of its permanent custody motion a final appealable order. We disagree. While we need not address the legality of the trial court's temporary custody extension we find the above rationale for the court's decision in *Adams* remains applicable even in light of the statutory amendments.

{¶5} Furthermore, we note that this court has previously considered the continued viability of *Adams* after the relevant amendments limiting extensions of temporary custody beyond two years and reiterated that the denial of a motion to modify temporary custody to permanent custody is still not a final appealable order. *State ex rel. C.C.D.C.F.S. v. Sikora*, 8th Dist. Cuyahoga No. 93572, 2009-Ohio-5969, ¶ 11.

{¶6} In *Sikora*, this court dismissed writs of procedendo, mandamus and prohibition filed by CCDCFS against a judge who denied a motion to modify temporary

custody to permanent custody and ordered temporary custody to continue beyond the period set forth in R.C. 2151.415(D)(4). CCDCFS argued that it was without an adequate remedy of law because the order was not a final appealable order pursuant to *Adams*. While we agreed that *Adams* continued to apply to this fact pattern, we denied the writs because, as in *Adams*, CCDCFS retained the ability to file additional motions to modify temporary custody. *Id*. at ¶ 13. We did note, however, that if additional motions produced the same outcome from the trial court, we would be less likely to find such remedy constitutes an adequate remedy at law. *Id*. at ¶ 13.

{¶7} In accordance with all of the foregoing, the order denying the motion of CCDCFS to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C. 2505.02(B)(1) or (2).

{¶8} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR