THE STATE EX REL. MCGINTY, PROS. ATTY.,
*v.* EIGHTH DISTRICT COURT OF APPEALS.

[Cite as *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937.]

(No. 2014–1739—Submitted January 13, 2015—Decided March 17, 2015.)

**Per Curiam.**

{¶ 1} This is an action for a writ of prohibition to prevent respondent, the Eighth District Court of Appeals, from exercising jurisdiction over an interlocutory appeal. The underlying criminal case involves Lance Mason, a sitting Cuyahoga County Court of Common Pleas judge, who has been accused of a violent assault on his wife. Mason filed a pretrial motion to disqualify the prosecutor's office and appoint a special prosecutor, which the judge denied. Mason appealed, and the Eighth District issued a stay of the trial court proceedings while it considers whether it has jurisdiction to entertain the appeal.

{¶ 2} Relator, Cuyahoga County Prosecutor Timothy McGinty, filed this original action in prohibition, asserting that the Eighth District lacks jurisdiction to entertain the appeal and lacked jurisdiction to issue the stay. Because the Eighth District patently and unambiguously lacks jurisdiction over an appeal from a denial of a motion to disqualify a prosecutor, we grant the writ.

### Facts

{¶ 3} Mason was indicted on three counts of felonious assault, two counts of kidnapping, two counts of endangering children, and one count of domestic violence in *State v. Mason*, case No. CR–14–588061, in the Cuyahoga County Common Pleas Court. Before the indictment was filed in the court, the administrative judge of the court disqualified all the judges of that court from presiding over any criminal matters involving Mason. The chief justice of this court appointed Judge Patricia Cosgrove to preside over the criminal case against Mason.

{¶ 4} Also before the indictment was filed, Mason filed a motion for the appointment of a special prosecutor, seeking to prevent McGinty's office from prosecuting a criminal case against him. McGinty filed a brief in opposition to the motion. The trial court held a hearing, and Mason filed a reply brief in support of his motion. McGinty filed a response to the reply.

{¶ 5} On August 26, 2014, Judge Cosgrove issued an opinion denying Mason's motion for appointment of a special prosecutor. In the order, the court found that Mason had not shown the requisite "actual prejudice" that would justify the disqualification of the entire Cuyahoga County prosecutor's office in the case. The court also held that there was no conflict of interest shown.

{¶ 6} Later that day, Mason filed a notice of appeal of the trial court's denial of his motion; the notice does not identify the law it relies on to invoke the appellate

court's jurisdiction. The court of appeals captioned the appeal *State v. Mason* and assigned it case No. 101841. Also on August 26, Mason filed a motion to stay the trial court proceedings and a motion to file an amended praecipe and docketing statement.

{¶ 7} On August 27, 2014, McGinty filed a consolidated motion to dismiss for lack of a final, appealable order and brief in opposition to Mason's motion to stay the trial court proceedings. The motion to dismiss argued that the order being appealed was not final and appealable.

{¶ 8} On August 29, 2014, the Eighth District issued an order granting the motion to stay proceedings while it considered the pending motion to dismiss for lack of a final, appealable order. On October 2, the court issued a nunc pro tunc order correcting the journal entry to include Judge Kenneth A. Rocco's dissent.

{¶ 9} On August 29, McGinty filed a motion to reconsider the stay order, and on September 2, Mason filed a brief in opposition. On September 2, Mason also filed a brief in opposition to McGinty's motion to dismiss, in which he argued that the denial of the motion to appoint a special prosecutor is a final, appealable order under R.C. 2505.02(B)(4). That same day, McGinty filed a reply brief to Mason's brief in opposition to McGinty's motion to dismiss.

{¶ 10} On October 2, 2014, the Eighth District issued four rulings. It referred the motion to dismiss for lack of a final, appealable order to a merit panel. Judge Rocco dissented with opinion from this ruling. The court granted Mason's motion for leave to file an amended praecipe and docketing statement, and it sua sponte granted an extension of time to complete the record. Finally, the court denied McGinty's motion to reconsider the stay order.

{¶ 11} McGinty requests that this court find that the Eighth District patently and unambiguously lacks jurisdiction over Mason's interlocutory appeal and that we issue a peremptory writ of prohibition requiring the court of appeals to dismiss the appeal and remand the case for trial.

### Analysis

{¶ 12} To be entitled to the requested writ of prohibition, McGinty must establish that (1) the court of appeals is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) either denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law, *State ex rel. Bell v. Pfeiffer,* 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections,* 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12, or the lack of jurisdiction is patent and unambiguous, *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.,* 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

*Exercise of judicial power*

{¶ 13} The Eighth District has exercised judicial power in granting the stay and is contemplating further exercise of judicial power by considering entertaining the appeal. The court of appeals argues that a writ of prohibition is inappropriate because it has yet to exercise jurisdiction over the merits of Mason's appeal. But by issuing a stay, the Eighth District has exercised jurisdiction. *State v. Hochhausler,* 76 Ohio St.3d 455, 464, 668 N.E.2d 457 (1996) ("Inherent within a court's jurisdiction, and essential to the orderly and efficient administration of justice, is the power to grant or deny stays"). Thus, a court lacking jurisdiction over an appeal also lacks jurisdiction to issue a stay pending that appeal.

{¶ 14} Therefore, by issuing the stay, the Eighth District has exercised judicial power and may further exercise it by entertaining the appeal.

*Alternate remedy*

{¶ 15} Prosecutor McGinty claims to have no adequate remedy at law because, he asserts, the alternate remedy, a decision from the Eighth District after full briefing and argument on whether a special prosecutor must be appointed, is neither beneficial nor speedy. He cites various harms that might come from delaying a domestic-violence trial.

{¶ 16} However, McGinty does have a remedy in that he could get a decision from the Eighth District and appeal to this court if it is adverse. The delay and expense caused by an appeal do not render that appeal an inadequate remedy. *State ex rel. Lyons v. Zaleski,* 75 Ohio St.3d 623, 626, 665 N.E.2d 212 (1996) ("contentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit"), citing *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.,* 74 Ohio St.3d 120, 124, 656 N.E.2d 684 (1995), and *State ex rel. Gillivan v. Bd. of Tax Appeals,* 70 Ohio St.3d 196, 200, 638 N.E.2d 74 (1994).

{¶ 17} Because he has a remedy by way of appeal of the Eighth District's eventual decision, to be entitled to a writ, McGinty must show that the Eighth District patently and unambiguously lacks jurisdiction over the interlocutory appeal. In other words, if the order denying the motion to disqualify the prosecutor's office is not a final and appealable order, the Eighth District patently and unambiguously lacks jurisdiction and a writ should issue.

*Jurisdiction over interlocutory appeal*

{¶ 18} Mason appealed the trial court's denial of his motion to disqualify the entire Cuyahoga County prosecutor's office and appoint a special prosecutor. The question here is whether he can appeal that ruling now or whether he has to

wait until after trial to appeal that ruling. Interlocutory appeals are disfavored in Ohio law and are allowed only in circumstances described in R.C. 2505.02:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
> * * *
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
> * * *
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 19} Mason argues before the Eighth District that his motion to disqualify the prosecutor is a final, appealable order under R.C. 2505.02(B)(4). We disagree. The order is not final and appealable under R.C. 2505.02(B)(4), because even if the order is considered the denial of a provisional remedy, and even if the order determines the action and prevents a judgment in favor of the appealing party with respect to the provisional remedy, Mason will still be afforded a meaningful and effective remedy after a jury trial by way of appeal. *Bernbaum v. Silverstein,* 62 Ohio St.2d 445, 406 N.E.2d 532 (1980).

{¶ 20} In *Bernbaum,* we determined that a movant had an effective remedy by way of an appeal after final judgment from a denial of a motion to disqualify opposing counsel:

> "In the disqualification context, the cost to the judicial system of appeal by right outweighs its occasional benefit to an unjustly denied movant, who still retains his right to eventual relief upon final judgment. Justice is sometimes neither quick nor sweet. But an attempt to hasten it is doomed to fail when it creates an unrestricted opportunity for litigants to harass an adversary and delay a trial."

*Id.* at 449, quoting Michael W. McConnell, *The Appealability of Orders Denying Motions for Disqualification of Counsel in the Federal Courts*, 45 U.Chi.L.Rev. 450, 481–482 (1978).

{¶ 21} Mason relies on *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, to argue before the Eighth District that he has a right to appeal the order denying his motion to disqualify the prosecutor's office. *Chambliss* holds that an order depriving a defendant of his retained counsel is a final, appealable order. *Chambliss* relies partly on the United States Supreme Court's holding that the erroneous deprivation of counsel of choice qualifies as structural error. *Id.* at ¶ 18, citing *United States v. Gonzalez–Lopez*, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). However, under the *Chambliss* rationale, the denial (as opposed to the grant) of a motion to disqualify counsel is not a final, appealable order. The erroneous deprivation of a *defendant's* attorney results in structural error that renders a postconviction appeal meaningless because the defendant has been irretrievably deprived of his chosen attorney's advice and representation during trial:

> A postconviction reversal of the trial court's judgment would not be automatically effective. A criminal defendant might exhaust his or her resources during the first trial, thereby denying that defendant the counsel of his or her choice. Further, if counsel of choice were later deemed to have been erroneously removed, the subject matter of the first trial, including the strategy employed, witnesses cross-examined, etc., would be stale and likely weakened.

*Chambliss,* ¶ 22.

{¶ 22} On the other hand, the *denial* of a party's motion to disqualify his or her *opponent's* attorney does not implicate the same concerns and does not render a postconviction appeal meaningless. We have held—albeit in the civil context and with regard to R.C. 2505.02(B)(2) rather than R.C. 2505.02(B)(4)—that an order denying a party's motion to disqualify opposing counsel is not a final, appealable order. *Wilhelm–Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 9. In *Wilhelm–Kissinger*, we held that "an order denying disqualification, standing alone, affects no right held by the unsuccessful movant because there is no substantial right to disqualify opposing counsel." *Id.*

{¶ 23} An incorrect ruling on a criminal defendant's motion to disqualify the prosecutor's office may be remedied by a new trial if he or she is convicted and successfully appeals from the ruling. Indeed, many criminal appeals include assertions of error regarding a trial court's failure to disqualify a prosecutor. *See, e.g., State v. Morris*, 5th Dist. Stark No. 2004CA00232, 2005-Ohio-4967, 2005

WL 2300294 (postconviction appeal from denial of motion to disqualify prosecutor); *State v. White*, 8th Dist. Cuyahoga No. 82066, 2004-Ohio-5200, 2004 WL 2340103 (same).

{¶ 24} Moreover, allowing an interlocutory appeal from an order denying a motion to disqualify a prosecutor is disfavored as a matter of public policy. "Such a procedural rule would, per force, grant an automatic long delay to every single person accused of crime who wished to make a similar motion, run out the string, and gamble on the mortality of witnesses." *State v. Earley*, 5th Dist. Morrow No. CA–565, 1980 WL 354236, at *2 (Jan. 28, 1980).

{¶ 25} In other words, the interlocutory appeal contemplated here would allow any criminal defendant to get—as McGinty claims Mason is getting—an automatic, months-long delay in his or her prosecution by moving to disqualify the prosecutor and then appealing the resulting denial. This is not contemplated by R.C. 2505.02(B) and is against the public policy favoring speedy and orderly criminal trials.

{¶ 26} The Eighth District, although it has issued a stay, claims that it has not yet determined whether it has jurisdiction to entertain the appeal. The stay puts Mason's prosecution in limbo; the court of appeals has yet to decide whether to hear the appeal, but the trial court is stayed from prosecuting his case.

{¶ 27} The order in this case is not a final, appealable order under statute or case law, and public policy is against allowing such appeals. The Eighth District patently and unambiguously lacks jurisdiction over the appeal. Yet the Eighth District has exercised judicial power by issuing a stay and may continue to exercise judicial power by entertaining the interlocutory appeal.

## Conclusion

{¶ 28} The Eighth District patently and unambiguously lacks jurisdiction over an interlocutory appeal of an order denying a motion to disqualify the prosecutor in a criminal case. We therefore grant the requested writ of prohibition and order the court of appeals to vacate the stay it issued in the underlying case and to remand the cause to the trial court for further proceedings.

Writ granted.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, and KENNEDY, JJ., concur.

PFEIFER, FRENCH, and O'NEILL, JJ., dissent.

---

**PFEIFER, J., dissenting.**

{¶ 29} The Eighth District Court of Appeals should be given the opportunity to decide whether the denial of the defendant's motion in the underlying case to

disqualify the prosecutor's office and appoint a special prosecutor is a final, appealable order. Determining whether a trial court's order is final and appealable is what courts of appeals do. Should this court provide a shortcut in the appellate process in every instance in which a party asserts a lack of a final, appealable order in an appellate court? The fact that the answer to the question of whether an order denying the appointment of a special prosecutor seems obvious to the majority does not mean that the court of appeals "patently and unambiguously" lacks the jurisdiction to decide the question. In at least eight opinions issued in the past year, the Eighth District Court of Appeals analyzed the appealability under R.C. 2505.02 of the order appealed from and dismissed the case for lack of a final, appealable order.[1] Should this court have jumped in and prevented that court from making those determinations? Did the fact that the court of appeals determined that it lacked jurisdiction mean that it "patently and unambiguously" lacked the jurisdiction to decide that issue in those cases?

{¶ 30} If the appellate court were to decide the issue incorrectly in this case, this court could fix it. That's what we do. But I dissent from the majority's decision to prohibit the court of appeals from doing its job.

FRENCH and O'NEILL, JJ., concur in the foregoing opinion.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Christopher D. Schroeder, Matthew Meyer, and T. Allan Regas, Assistant Prosecuting Attorneys, for relator.

Michael DeWine, Attorney General, and Tiffany L. Carwile and Sarah E. Pierce, Assistant Attorneys General, for respondent.

---

1. *Siegel v. Boss*, 8th Dist. Cuyahoga No. 101934, 2015-Ohio-689, 2015 WL 799521, ¶ 4; *Allegretti v. York*, 8th Dist. Cuyahoga No. 101231, 2014-Ohio-4480, 2014 WL 5089073, ¶ 23; *State v. Dix*, 8th Dist. Cuyahoga No. 101007, 2014-Ohio-3330, 2014 WL 3778348, ¶ 4; *In re D.J.*, 8th Dist. Cuyahoga No. 101180, 2014-Ohio-2778, 2014 WL 2933051, ¶ 7; *Demsey v. Sheehe*, 8th Dist. Cuyahoga No. 100693, 2014-Ohio-2409, 2014 WL 2566095, ¶ 13; *Acacia on the Green Condominium Assn. v. Jefferson*, 8th Dist. Cuyahoga No. 100443, 2014-Ohio-2399, 2014 WL 2566005, ¶ 13; *Liebe v. Admr., Bur. of Workers' Comp.*, 8th Dist. Cuyahoga No. 100230, 2014-Ohio-1834, 2014 WL 1775905, ¶ 13; *Helbling v. Ward*, 8th Dist. Cuyahoga No. 99991, 2014-Ohio-1513, 2014 WL 1408133, ¶ 19.