[Cite as *In re C.K.*, 2016-Ohio-1418.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

IN THE MATTER OF:        :
                                  :
          C.K.             :      Appellate Case No. 2015-CA-68
                                    :
                                    :      Trial Court Case No. 2015-0057
                                    :
                                    :      (Juvenile Appeal from
                                    :       Common Pleas Court)
                                    :
                                    :

. . . . . . . . . .

O P I N I O N

Rendered on the    1st    day of    April   , 2016.

. . . . . . . . . .

BROOKE M. BURNS, Atty. Reg. No. 0080256, The Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
     Attorney for Appellant, C.K.

DAVID A. WILSON, Atty. Reg. No. 0073767, by RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbus Street, Suite 449, Springfield, Ohio 45502
     Attorneys for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

    **{¶ 1}** C.K., a juvenile, appeals from his commitment to the Department of Youth Services following an adjudication of delinquency based on his commission of acts that

would constitute second-degree felony burglary and first-degree misdemeanor receiving stolen property if committed by an adult.

{¶ 2} C.K. advances three assignments of error. First, he contends the State presented legally insufficient evidence to sustain his delinquency adjudication based on his commission of second-degree felony burglary. Second, he contends the trial court erred in ordering him to pay restitution of $680 without any evidence of the victim's economic loss. Third, he alleges ineffective assistance of counsel based on his attorney's failure to object to the restitution order.

{¶ 3} The record reflects that C.K. was charged with delinquency in two separate complaints for breaking into the victim's attached garage and stealing property that included an XBOX game system. The first complaint alleged that he had committed second-degree burglary for breaking into the garage when someone was present or likely to be present with the intent to commit a criminal offense. (Doc. #1). The second complaint charged him with receiving stolen property after the stolen XBOX was found in his bedroom sometime later. (Doc. #2). The case proceeded to a May 11, 2015 adjudicatory hearing before a magistrate. The evidence presented included testimony from the victim. It also included testimony from two investigating detectives and C.K.'s stepfather.

{¶ 4} Following the hearing, the magistrate filed a May 18, 2015 decision adjudicating C.K. delinquent for having committed acts that constituted second-degree felony burglary and first-degree misdemeanor receiving stolen property. (Doc. #41). The magistrate's decision included a notation signed by the juvenile court judge explaining that the decision would become a final order of the court unless written objections were filed within 14 days. (*Id.*). No such objections were filed.

**{¶ 5}** The magistrate subsequently held a dispositional hearing on June 3, 2015. During the hearing, the magistrate orally ordered C.K. committed to the Department of Youth Services (DYS) for a minimum of one year to a maximum of until his 21st birthday. The magistrate also ordered C.K. to pay restitution of $680, the claimed value of an unrecovered laptop computer that C.K. allegedly had stolen along with the game system. Also on June 3, 2015, the magistrate filed a "dispositional entry" that imposed, in writing, the same sentence the magistrate had imposed at the dispositional hearing. (Doc. #43). Although that entry had the juvenile court judge's name typed at the bottom and purported to be a final, appealable order, it was signed by the magistrate, not the judge. (*Id.*). Thereafter, on June 8, 2015, the juvenile court judge filed a "judgment entry" that ordered C.K. committed to DYS "for an indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed the youth's attainment of the age of twenty-one (21) years." (Doc. #44). Unlike the magistrate's "dispositional entry," the juvenile court judge's "judgment entry" did not impose a restitution obligation. This appeal followed.

**{¶ 6}** As set forth above, C.K.'s first assignment of error challenges the sufficiency of the evidence to support a finding of delinquency by reason of committing second-degree felony burglary. The second assignment of error challenges the evidentiary support for a restitution order, and the third assignment of error addresses defense counsel's failure to object to the restitution order.

**{¶ 7}** In response, the State has conceded error with regard to the sufficiency of the evidence to support a finding of delinquency based on C.K.'s commission of second-degree felony burglary. C.K. argues, and the State agrees, that the record lacks evidence that he trespassed in the attached garage *when another person was present or likely to*

*be present*, as required to establish a second-degree felony violation of R.C. 2911.12(A)(2). The State acknowledges that the victim could say only that the burglary occurred within a two-week time period and could not be more specific or say whether anyone was present or likely to be present when the burglary occurred. As a result, the State urges us to vacate the second-degree felony conviction and to find that C.K. committed the lesser-included offense of third-degree felony burglary in violation of R.C. 2911.12(A)(3), which does not require proof that another person was present or likely to be present. Finally, the State argues that the restitution award was proper because the $680 figure was supported by a victim-witness advocate and by information in a PSI report.

{¶ 8} Upon review, we find ourselves unable to resolve C.K.'s assignments of error because the June 8, 2015 judgment entry from which he has appealed is not a final, appealable order. "It is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order." *In re Sekulich*, 65 Ohio St. 2d 13, 14, 417 N.E.2d 1014 (1981). "Juvenile court adjudicatory and dispositional orders are considered part of a single hearing, and these orders, combined, result in a final appealable order." *In re F.D.M.*, 2d Dist. Montgomery No. 23021, 2009-Ohio-5609, ¶ 22. "When an order adjudicates a child delinquent on multiple counts, but does not contain a disposition for all of the counts, it is not a final and appealable order." *In re E.R.*, 9th Dist. Summit No. 27608, 2015-Ohio-2621, ¶ 4, citing *In re S.S.*, 9th Dist. Summit No. 24565, 2009-Ohio-4515, ¶ 5; *In re D.S.*, 8th Dist. Cuyahoga No. 95803, 2011-Ohio-5250, ¶ 9 (recognizing that a juvenile court must dispose of each count on which a juvenile is adjudicated delinquent and cannot leave issues unresolved); *State v. Allman*,

2d Dist. Montgomery No. 24693, 2012-Ohio-413, ¶ 9 ("Because the trial court has failed to dispose of each charge in Allman's case, the trial court has yet to issue a final judgment; the 'Final Appealable Entry and Order,' from which Allman has appealed, is merely interlocutory. Accordingly, we must dismiss this appeal for lack of subject matter jurisdiction.").[1]

{¶ 9} Here the magistrate filed a May 18, 2015 decision adjudicating C.K. delinquent on two counts for having committed burglary and receiving stolen property. (Doc. # 41). That decision became an order of the juvenile court when C.K. failed to file objections. (*Id.*). Thereafter, the magistrate held a dispositional hearing and filed a June 3, 2015 "dispositional entry." The caption of that entry indicated that it was addressing the following: "**Charge:** Burglary F2." (Doc. # 43). The magistrate's entry proceeded to impose a single disposition of commitment to DYS for a minimum of one year to a maximum of C.K.'s 21st birthday. (*Id.*). Absent from the entry is any reference to the adjudication for receiving stolen property or any disposition for that offense. We note that the magistrate's "dispositional entry" was not a final, appealable order for at least two reasons. First, it did not include a disposition for receiving stolen property. Second, it was not adopted as a final order of the juvenile court.

{¶ 10} Instead, the juvenile court judge filed his own "judgment entry" on June 8, 2015. (Doc. #44). Although that entry was signed by the judge and had the appearance of a final, appealable order, it too failed to enter a disposition for the offense of receiving stolen property. The entry referenced only "the charge of Burglary F2, in violation of

---

[1] Although this court's opinion in *Allman* involved an adult conviction in municipal court, the analysis is the same.

O.R.C. Section 2911.12" and imposed a single disposition of commitment to DYS for a minimum of one year to a maximum of C.K.'s 21st birthday. (*Id.*). Notably, the June 8, 2015 judgment entry also neither imposed a restitution obligation nor adopted the magistrate's June 3, 2015 dispositional entry, which had imposed a restitution obligation.

{¶ 11} We ordered C.K. to show cause why this appeal should not be dismissed for lack of jurisdiction because the June 8, 2015 judgment entry did not dispose of the adjudication for receiving stolen property. C.K. filed a "Motion for Limited Remand to the Juvenile Court and to Stay Proceedings Pending Juvenile Court Review" on March 18, 2016. C.K. sought a remand of this matter to the juvenile court for the limited purpose of issuing a nunc pro tunc entry to reflect the disposition for receiving stolen property and to order restitution. Although a remand may appear to be the most efficient method to resolve the issue before us, this court lacks jurisdiction to remand this matter. *See, e.g., State ex rel. McGinty v. Eighth Dist. Ct. of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 13 ("a court lacking jurisdiction over an appeal also lacks jurisdiction to issue a stay pending that appeal"). The appeal must be dismissed, and a new final judgment entered.

{¶ 12} In light of the foregoing, we conclude that the juvenile court has failed to enter a disposition for C.K.'s adjudication as delinquent based on receiving stolen property. That being so, the present appeal must be dismissed for lack of a final, appealable order. Because the rulings below remain interlocutory, the juvenile court judge may wish to address the State's concession that the evidence does not support an adjudication of delinquency based on C.K.'s commission of second-degree felony burglary. With regard to restitution, we note too that, unlike the magistrate's June 3, 2015

dispositional entry, the trial court's June 8, 2015 "judgment entry" neither imposed a restitution obligation nor adopted the restitution obligation imposed by the magistrate. On the record before us, then, no restitution obligation currently exists. The juvenile court judge may wish to address this issue as well.

{¶ 13} Based on the reasoning set forth above, the present appeal is dismissed for lack of a final, appealable order.

{¶ 14} IT IS SO ORDERED.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

David A. Wilson
Ryan A. Saunders
Brooke M. Burns
Hon. Joseph N. Monnin