Myers, Judge.
*651 {¶ 1} In this opinion, we address an issue that was not addressed by the Supreme Court of Ohio in its recent decision in State v. Jackson , 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, that is, whether, in a criminal action involving a multicount indictment, the trial court's failure to dispose of a count on which the jury fails to reach a verdict prevents the judgment of conviction on the other counts from being final and appealable. We answer the question in the affirmative.
{¶ 2} In this case, Steven Allen Craig was indicted on one count of rape and two counts of felonious assault. Craig pleaded not guilty to all counts, and the case proceeded to a jury trial. The jury returned guilty verdicts on the felonious-assault counts, but was unable to reach a verdict on the rape count. The trial court sentenced Craig on the felonious-assault counts and declared a mistrial on the rape count. The rape charge was not dismissed and remains pending. This appeal followed.
{¶ 3} Our jurisdiction is limited to the review of final orders and judgments. Ohio Constitution, Article IV, Section 3 (B)(2); R.C. 2505.03. In Jackson , the Supreme Court of Ohio held that a dismissal without prejudice of a count in a multicount indictment does not prevent the judgment of conviction on the remaining counts from being a final, appealable order. Jackson at ¶ 9. The court further held that "a judgment of conviction is a final, appealable order if it complies with Crim.R. 32(C) and State v. Lester , 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14, and that counts that are dismissed are resolved and do not prevent the judgment of conviction from being final and appealable." (Emphasis added.) Id.
{¶ 4} In Jackson , the defendant was convicted after a jury trial of some, but not all, of the counts in the indictment. The jury was unable to reach a verdict on two counts of kidnapping, but found the defendant guilty of grand theft and aggravated robbery. The trial court imposed sentence on the theft and robbery counts, and declared a mistrial on the kidnapping counts. On the state's motion, the court dismissed the kidnapping counts without prejudice. On appeal, the Eighth District held that the dismissal without prejudice rendered the judgment a nonfinal order, and sua sponte dismissed Jackson's appeal for lack of a final, appealable order. State v. Jackson , 8th Dist. Cuyahoga No. 103035, 2016-Ohio-704, 2016 WL 763114, ¶ 14.
{¶ 5} The Supreme Court reversed, holding that a dismissal without prejudice of a count in a multicount indictment does not prevent the judgment of conviction on the remaining counts from being a final, appealable order where the judgment complied with Crim.R. 32(C) and Lester at ¶ 14. Jackson , 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, at ¶ 9, 16. The court noted that a valid judgment of conviction requires a full resolution of all counts for which there were convictions, but does not " 'require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals , *652 nolled counts, or not guilty findings.' " (Emphasis sic.) Id. at ¶ 11, quoting State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas , 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2. The court held that counts that are dismissed are resolved and, therefore, do not prevent a judgment of conviction from being final and appealable. Id. at ¶ 9-10. And it concluded that "[t]he prosecution of the kidnapping counts terminated once the trial court dismissed those counts." Id. at ¶ 16.
{¶ 6} The court in Jackson noted that allowing a dismissal without prejudice to prevent an order in a criminal action from being a final, appealable order would effectively stay appellate review of convictions on charges for which the defendant had been found guilty and sentenced until the state either sought a new indictment or the statute of limitations for the dismissed counts expired. Id. at ¶ 15. As this court has explained, "A conditional dismissal in a criminal matter would allow a prosecutor to keep a defendant perpetually indicted, without any idea concerning, or control over, when the matter would be resolved." State ex rel. Flynt v. Dinkelacker , 156 Ohio App.3d 595, 2004-Ohio-1695, 807 N.E.2d 967, ¶ 15 (1st Dist.).
{¶ 7} Here, like Jackson , the trial court declared a mistrial on a count upon which the jury could not reach a verdict and sentenced the defendant on the counts upon which the jury returned guilty verdicts. Unlike Jackson, however, this charge remains pending. It has not been dismissed or otherwise resolved in any way. The granting of a mistrial "has long been held not to be a final appealable order 'for the basic reason that it is not a judgment or order in favor of either of the parties which gives finality to the case.' " State v. Nixon , 5th Dist. Richland No. 2016 CA 0008, 2017-Ohio-8, 2017 WL 35497, ¶ 16, quoting Mack v. Gulf Oil Co., Inc. , 10th Dist. Franklin No. 76AP-299, 1976 WL 190161 (Aug. 24, 1976), citing Kauffman v. Schauer , 121 Ohio St. 478, 169 N.E. 566 (1929). Here, the trial court's granting of a mistrial on the rape count did not resolve that count, and therefore, prevented the court's judgment from being a final, appealable order.
{¶ 8} A long line of cases from Ohio courts, including this one, have held that an order in a criminal case is not final where the trial court fails to dispose of all the charges that are brought against the defendant in an action. See State v. Pippin , 1st Dist. Hamilton No. C-150061, 2016-Ohio-312, 2016 WL 524355, ¶ 5, citing State ex rel. McIntyre v. Summit Cty. Court of Common Pleas , 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, ¶ 4, 9-10 (plurality opinion); State v. Pace , 1st Dist. Hamilton No. C-970546, 1998 WL 293850 (June 5, 1998) ; State v. Allman , 2d Dist. Montgomery No. 24693, 2012-Ohio-413, 2012 WL 368057 ; State v. Gillian , 4th Dist. Gallia No. 15CA3, 2016-Ohio-3232, 2016 WL 3058444 ; State v. Huntsman , 5th Dist. Stark No. 1999-CA-00282, 2000 WL 330013 (Mar. 13, 2000) ; State v. Ocasio , 8th Dist. Cuyahoga No. 103972, 2017-Ohio-88, 2017 WL 123361 ; State v. Heavilin , 9th Dist. Medina No. 15CA0034-M, 2016-Ohio-1284, 2016 WL 1192793 ; State v. Garner , 11th Dist. Trumbull No. 2002-T-0025, 2003-Ohio-5222, 2003 WL 22235385. Jackson did not alter this law, but rather explained that a dismissed charge resolves the matter, even if it is dismissed without prejudice.
{¶ 9} Recently, this court in State v. Pippin , dismissed an appeal for lack of jurisdiction. We stated, "Importantly, however, the trial court neglected to dispose of four other charges against Mr. Pippin. A long line of authority tells us that a trial court's entry is not a 'final order' where the court fails to dispose of all the charges *653 in an action against a criminal defendant." Pippin at ¶ 1. We recognized that "[a] 'hanging charge' prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case." Id. at ¶ 6, quoting State v. Johnson , 4th Dist. Scioto No. 14CA3660, 2015-Ohio-3370, 2015 WL 4987992. Finally, we stated, "A number of courts, including this one, have held that a court fails to comply with its mandatory duty under Crim.R. 32(C) when it leaves a charge unresolved, and that because of this failure such a judgment is not a final order." Id. at ¶ 7.
{¶ 10} We find that Jackson does not alter this conclusion. We join other Ohio courts that have held that in a criminal case involving a multicount indictment, a trial court's order that fails to dispose of a count on which the jury failed to reach a verdict is not a final, appealable order. See State v. Purdin , 4th Dist. Adams No. 11CA909, 2012-Ohio-752, 2012 WL 605592 ; State v. Sherman , 5th Dist. Richland No. 2011-CA-0012, 2011-Ohio-5794, 2011 WL 5445172 ; State v. Bourdess , 8th Dist. Cuyahoga No. 70541, 1997 WL 284777 (May 29, 1997) ; State v. Sims , 8th Dist. Cuyahoga No. 85608, 2005-Ohio-5846, 2005 WL 2882937, fn. 1 ; State v. Clay , 11th Dist. Trumbull No. 2009-T-0126, 2010-Ohio-4558, 2010 WL 3733569 ; see also McIntyre at ¶ 4, 9-10. This result is entirely consistent with the Supreme Court's decision in Jackson and established Ohio law.
{¶ 11} Moreover, the concern expressed in Jackson that the state might allow a defendant to languish without appellate review of his conviction is not present where a count remains pending following the declaration of a mistrial upon the jury's inability to reach a verdict on the count. Constitutional speedy-trial standards of reasonableness apply to a retrial following a mistrial because of a hung jury. State v. Fanning , 1 Ohio St.3d 19, 20-21, 437 N.E.2d 583 (1982) ; see State v. Echols , 146 Ohio App.3d 81, 91, 765 N.E.2d 379 (1st Dist.2001). These standards balance the conduct of the state and that of the defendant by considering the length of delay, the reasons for the delay, whether the defendant has asserted her or his speedy-trial rights, and any resulting prejudice. Barker v. Wingo , 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) ; Echols at 91, 765 N.E.2d 379. Therefore, the defendant's rights are protected, and he must be brought to trial within a reasonable time.
{¶ 12} In this case, the trial court's failure to dispose of the rape count upon which the jury failed to reach a verdict prevented the judgment of conviction on the other counts from being a final, appealable order. Without a final order, we lack jurisdiction. Therefore, we dismiss the appeal.
Appeal dismissed.
Mock, P.J., concurs.
Miller, J., concurs separately.