[Cite as *State v. Ridener*, 2019-Ohio-1672.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 2017-TRD-4955 |
| | : | |
| ADAM RIDENER | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of May, 2019.

. . . . . . . . . .

FRANK J. PATRIZIO, Atty. Reg. No. 0055468, 123 Market Street, P.O. Box 910, Piqua,
Ohio 45356
        Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 E. Stroop Road, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Adam Ridener appeals from a municipal court judgment finding him guilty and sentencing him to 180 days in jail based on his uncounseled plea of no contest to a first-degree misdemeanor charge of failure to exchange identity and vehicle information. Because the trial court's written judgment entry does not address the minor misdemeanor offense to which Ridener also entered a no contest plea in the same case, no final appealable order exists. The appeal will be dismissed for lack of jurisdiction.

### *Factual and Procedural Background*

**{¶ 2}** On June 7, 2017, the driver of a blue SUV in Piqua, Ohio drove away from the scene after striking the rear of a parked vehicle, which was pushed into another parked vehicle by the impact. Information provided by eyewitnesses led police to Ridener, who admitted to being the driver responsible for that collision. Ridener said he fled the scene because his driver's license was suspended and he feared being arrested. Ridener was cited for failure to exchange identity and vehicle information, a first-degree misdemeanor; failure to maintain control, a minor misdemeanor; and driving under suspension, an unclassified misdemeanor.

**{¶ 3}** After numerous continuances, Ridener appeared before the trial court without counsel on February 6, 2018, expressing his desire to "get this case over with." (Plea Transcript ("Tr.") p. 3). The trial court advised Ridener of various constitutional rights, including his right to an attorney; Ridener indicated that he wished to waive those rights and enter a plea to the first-degree and minor misdemeanors in exchange for dismissal of the unclassified misdemeanor. (*Id.*, pp. 5-6).[1]

---

[1] During the plea hearing, Ridener indicated to the court that he hoped to get "probation" for these offenses, stating, "[s]he said that I could get probation." (Plea Tr. p. 4). The aforementioned "she" is not identified, but Ridener did not have an attorney.

{¶ 4} On the topic of Ridener's right to counsel, the entirety of the exchange was as follows:

[Trial Court]: * * * You understand that you have a right to an attorney in this matter [and] if you can't afford one, one would be appointed for you[?]

[Ridener]: Yes sir.

[Trial Court]: You're go[ing to] waive that right and go ahead and enter a plea today[?]

[Ridener]: Yes sir.

(*Id.*, p. 5).

{¶ 5} The trial court made no reference to possible defenses or mitigating circumstances. *See State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976). Neither did the court undertake to impress upon Ridener the risks inherent in proceeding without the benefit of counsel. *See State v. Perdue*, 2d Dist. Montgomery No. 23151, 2010-Ohio-565, ¶ 44; *State v. Gatewood*, 2d Dist. Clark No. 2008 CA 64, 2009-Ohio-5610, ¶ 36. Such considerations must be discussed before a defendant may be sentenced to incarceration following a plea without an attorney. *See, e.g., State v. Street*, 2d Dist. Montgomery No. 26501, 2015-Ohio-2789, ¶ 41-43; *State v. Gross*, 2d Dist. Montgomery No. 24666, 2011-Ohio-6490; ¶ 34-35; *State v. Engle*, 183 Ohio App.3d 488, 2009-Ohio-1944, 917 N.E.2d 817 (2d Dist.); *In re J.F.*, 178 Ohio App.3d 702, 2008-Ohio-4325, 900 N.E.2d 204, ¶ 94 (2d Dist.).

{¶ 6} In addition, although Ridener signed a printed plea form stating that he understood "[t]hat I have a right to an attorney and that I have the right to have an attorney appointed for me in the event I can not [sic] afford one" (Doc. #25, ¶ 4), Ridener first

initialed that form in the wrong location, next to the line indicating that he was "satisfied with [his] attorney's advice" instead of the line indicating that he waived his right to counsel. (*See id.*). The trial court directed him to "scratch that out" (Plea Tr. p. 7); Ridener's initials next to the line expressing satisfaction with counsel appear to have been drawn through.

{¶ 7} The trial court informed Ridener that "the misdemeanor one is punishable by potentially six months in jail and up to a $1,000.00 fine," and "on the minor misdemeanor[,] I could fine you up to $150.00 and costs and * * * it carries no jail time." (*Id.*, pp. 5, 6). Ridener said he understood. (*Id.*). The court further advised Ridener that a no contest plea was "not an admission of [his] guilt" but "an admission of the facts set forth in the complaint," based on which the court could "make a finding of guilty"; Ridener again affirmed his understanding. (*Id.*, p. 6).

{¶ 8} After Ridener entered oral pleas of no contest to the two offenses and signed and initialed the written plea form, the trial court deferred the case for a presentence investigation ("PSI").

{¶ 9} On March 29, 2018, Ridener appeared before the trial court[2] for sentencing. (Sentencing Tr.). As to the PSI, the court stated:

> I did have an opportunity to look at your record. Yeah, it's not good.
> * * * You did some time in DYS and * * * you're just in that rut where it, it does look like you have a drug and alcohol problem. I did talk to the * * * Probation Officer about it. * * *
>
>     * * *

---

[2] A different judge presided over Ridener's sentencing than had taken his plea.

* * * [T]his is one of those situations where, * * * unfortunately * * *, I am going to have to impose a jail sentence * * *.

(*Id.*, pp. 3-4).

{¶ 10} As to the minor misdemeanor offense, the trial court stated at the sentencing hearing that it was "not going to give [Ridener] any fine" and "not going to order [him] to pay any court costs." (*Id.*, p. 4). As to the first-degree misdemeanor, however, the court sentenced Ridener to 180 days in jail and ordered that he pay court costs. (*Id.*, pp. 4-5). The written judgment entry reflects the trial court's finding Ridener guilty of failure to exchange identity and vehicle information and its imposition of a 180-day sentence for that offense. (Doc. #29). The judgment entry is silent as to the failure to maintain control offense, as to which the court orally had stated it intended to impose no penalties.

{¶ 11} After Ridener filed a pro se appeal, we appointed counsel to represent him before this court. His appellate brief raises a single assignment of error:

The trial court erred in accepting [Ridener's] no contest plea without the benefit of counsel and in the absence of a knowing, intelligent, and voluntary waiver of his right to the assistance of counsel, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Constitution of the State of Ohio.

### *Preliminary Issue – Existence of a Final Appealable Order*

{¶ 12} Although the issue was not raised by the parties, we first must consider whether the trial court's judgment entry constitutes a final appealable order in accordance with R.C. 2505.02(B). In order for a defendant to appeal a conviction, "the trial court must

first issue a judgment of conviction that clearly and explicitly meets the requirements of *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus." *State v. White*, __ Ohio St.3d ___, 2019-Ohio-1215, ___ N.E.3d ___, ¶ 2. As articulated in *Lester*, "a judgment of conviction is a final appealable order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester* at ¶ 14.

{¶ 13} "[A] valid judgment of conviction requires a full resolution of any counts for which there were convictions." *State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, ¶ 11, citing *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2; *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3. Accordingly, this court and others have held "that when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely interlocutory." *State v. Allman*, 2d Dist. Montgomery No. 24698, 2012-Ohio-413, ¶ 6, citing *State v. Sanchez*, 2d Dist. Greene No. 2006-CA-154, 2009-Ohio-813 (dismissing appeal for lack of final appealable order); *see also State v. Craig*, 2017-Ohio-8962, 101 N.E.3d 650, ¶ 8 (1st Dist.), *appeal allowed*, 152 Ohio St.3d 1462, 2018-Ohio-1795, 97 N.E.3d 499 ("A long line of cases from Ohio courts, including this one, have held that an order in a criminal case is not final where the trial court fails to dispose of all the charges that are brought against the defendant in an action").

{¶ 14} "A trial court's decision to exercise its discretion not to impose a sentence should not be communicated in the judgment of conviction passively – let alone

ambiguously – through suggestion or by implication." *White* at ¶ 14. Rather, a trial court's decision not to impose a sentence "must be clearly communicated in the text of the entry." *Id.* at ¶ 15.

{¶ 15} Here, the form that appears to have been intended as a judgment entry does not contain the fact that Ridener was convicted of the minor misdemeanor charge to which he also pled no contest. Because a court speaks through its journal and not its oral pronouncements, *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997), the trial court's oral statements about Ridener's failure to maintain control conviction cannot be viewed as fully resolving that charge. The written order therefore is interlocutory.

{¶ 16} We lack jurisdiction to decide an appeal from such an interlocutory order. *Allman* at ¶ 9; *Craig* at ¶ 8 (marshaling cases). "[I]f this court lacks jurisdiction to hear an appeal, the proper remedy is dismissal, rather than remand." *State v. Walker*, 2d Dist. Montgomery No. 27672 (Aug. 15, 2018); *see also In re C.K.*, 2d Dist. Clark No. 2015-CA-68, 2016-Ohio-1418, ¶ 11, citing *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 13 ("Although a remand may appear to be the most efficient method to resolve the issue before us, this court lacks jurisdiction to remand this matter").

### Conclusion

{¶ 17} The appeal will be dismissed for lack of a final appealable order.

. . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Frank J. Patrizio
Charles M. Blue
Hon. Samuel L. Huffman