# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106690**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DARNELL CARTER

DEFENDANT-APPELLANT

## JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582508-A

**BEFORE:** McCormack, P.J., Laster Mays, J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 11, 2018

[Cite as *State v. Carter*, **2018-Ohio-4115.**]

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By: Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Amy Venesile
Anthony Thomas Miranda
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Darnell Carter appeals from the trial court's order granting the state's motion to dismiss Carter's amended petition for postconviction relief or, alternatively, motion to withdraw guilty plea. For the reasons that follow, we find that the trial court's order is not a final, appealable order and dismiss the appeal.

Procedural History

{¶2} In August 2014, Carter pleaded guilty to one count of aggravated robbery in four separate cases. Per the plea agreement, the state agreed to a sentence of consecutive two-year prison terms on each offense. The trial court in fact imposed such sentence, which resulted in a total eight-year prison sentence. Carter did not directly appeal his convictions.

{¶3} In March 2015, however, Carter filed a timely pro se petition for postconviction relief alleging that he was denied his Sixth Amendment right to effective assistance of counsel at the plea hearing and he requested an evidentiary hearing. In his petition, Carter alleged that trial counsel induced him to waive his right to a jury trial after advising him of "an incorrect legal rule of law." Specifically, Carter contended that his defense counsel told him that the state was not obligated to prove every element of the aggravated robbery offenses because he had a previous conviction for aggravated robbery in another case, which would be sufficient on its own to meet the state's burden of proof on the current charges. The trial court denied the petition without a hearing and without issuing findings of fact and conclusions of law. Carter appealed the trial court's

decision. In October 2015, this court granted the state's motion to dismiss the appeal, finding the trial court's order was not a final, appealable order because the trial court failed to issue findings of fact and conclusions of law. *See State v. Carter*, 8th Dist. Cuyahoga No. 103100 (Oct. 13, 2015).

{¶4} After remand, Carter repeatedly filed motions for findings of fact and conclusions of law. For reasons not evident from the record, the trial court repeatedly denied Carter's motions. Carter then filed a complaint for a writ of mandamus with this court, requesting this court order the trial court to issue its findings of fact and conclusions of law. After the writ was filed, the state filed a proposed findings of fact and conclusions of law, which the trial court adopted in its entirety in March 2016. This court ultimately denied Carter's writ action as moot, finding the trial court had performed the action sought to be compelled. *See State ex rel. Carter v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 104086, 2016-Ohio-3328.

{¶5} After the trial court issued its findings of fact and conclusions of law, Carter appealed the trial court's denial of his postconviction petition to this court. In December 2016, we reversed the trial court's denial of the petition without an evidentiary hearing, finding that Carter produced sufficient evidence to warrant a hearing on his petition. *See State v. Carter*, 8th Dist. Cuyahoga No. 104351, 2016-Ohio-8150.

{¶6} Upon this court's remand, the trial court appointed Carter counsel and scheduled a hearing on Carter's postconviction petition. On September 27, 2017, prior to the hearing, Carter filed an amended petition for postconviction relief or, alternatively,

motion to withdraw his guilty plea. The state filed a motion to dismiss Carter's amended petition, arguing that the trial court lacked jurisdiction to consider Carter's amended petition because the petition was beyond the scope of this court's remand for an evidentiary hearing. The trial court agreed and, on December 13, 2017, granted the state's motion to dismiss. At this point, Carter's original petition remains pending and no hearing has been held. And on January 4, 2018, Carter filed the present appeal.

## Law and Analysis

{¶7} Carter contends in this appeal that the trial court violated his state and federal constitutional rights when it barred him from amending his petition for postconviction relief. The state argues in opposition that the trial court was divested of jurisdiction to consider the amended petition. Alternatively, the state asserts that Carter's petition for postconviction relief could not be amended because the state filed a responsive pleading that effectively estops Carter from amending his petition and Carter's new claim. The state also asserts that Carter's new claim, a *Brady* violation, asserted for the first time in his amended petition, is untimely and without merit.

{¶8} This court sua sponte issued an order directing the parties to submit supplemental briefs addressing whether the order from which Carter appealed constitutes a final, appealable order under R.C. 2505.02. Specifically, this court instructed the parties to address whether the granting of a motion to dismiss an amended postconviction relief petition, which in essence denied leave to amend a postconviction relief petition, is a final, appealable order where the amended petition was filed after the original petition

was denied by the trial court but reversed by this court and remanded for a hearing on the petition. In response, Carter contends the order is final and appealable because his petition involves a substantial right and, if not immediately appealable, his due process rights would be violated. Additionally, Carter argues that this court's remand did not limit the nature of the postconviction proceedings. The state contends that the order is final and appealable, based upon a procedurally similar case from our sister court in the second district, *State v. Chinn*, 2d Dist. Montgomery No. 18535, 2001-Ohio-1550.

{¶9} Thus, the question here is whether Carter can appeal the trial court's denial of his amended petition now or whether he must wait until disposition of his postconviction petition. We first note that "[i]nterlocutory appeals are disfavored in Ohio law[.]" *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 18.

{¶10} Appellate courts have jurisdiction over final, appealable orders. R.C. 2505.02 outlines the circumstances that constitute a final, appealable order:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy * * * .

R.C. 2505.02(B).

{¶11} Carter contends that the trial court's dismissal of the amended petition constitutes an order that affects a substantial right in a special proceeding under R.C. 2505.02(B)(2). A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Postconviction proceedings filed pursuant to R.C. 2953.21 are special proceedings within the meaning of R.C. 2505.02.

{¶12} "Substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A "substantial right" is essentially a legal right that is enforced and protected by law. *State v. Coffman*, 91 Ohio St.3d 125, 742 N.E.2d 644 (2001).

{¶13} An order affects a substantial right "only if, in the absence of an immediate appeal, it forecloses appropriate relief in the future or prejudices one of the parties involved." *State v. Awkal*, 2012-Ohio-3970, 974 N.E.2d 200 (8th Dist.), citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). In order to establish that a trial court's order is a final, appealable order, an appellant must therefore show (1) that the order was made in a special proceeding, (2) that the order affects a substantial right, and (3) that he would not be able to effectively protect his substantial right without immediate review. *Thomasson v. Thomasson*, Slip Opinion No. 2018-Ohio-2417, ¶ 11.

{¶14} In postconviction proceedings, the postconviction relief issues arise after the substantial rights of a defendant have been determined "and are often not final appealable orders, absent statutory language designating them as such." *State v. Cunningham*, 8th Dist. Cuyahoga No. 85342, 2005-Ohio-3840, ¶ 10. R.C. 2953.23(B), which governs the time for filing a postconviction petition and the corresponding appeals, provides that an order granting or denying a petition for postconviction relief sought pursuant to R.C. 2953.21 is a final, appealable order. *See State v. Bennett*, 5th Dist. Muskingum No. CT2005-0009, 2006-Ohio-2812, ¶ 13. The statute does not, however, specifically address interlocutory orders issued in postconviction proceedings.

{¶15} Generally, courts have held that the denial of a motion to supplement pleadings with additional facts and arguments is not a final, appealable order. *See State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298 (finding the trial court's denial of the defendant's various motions to supplement his pleadings with additional facts and arguments are not final, appealable orders because they do not fall into one of the categories delineated in R.C. 2505.02(B)); *Holivay v. Holivay*, 8th Dist. Cuyahoga No. 89439, 2007-Ohio-6492, ¶ 9 (finding that an order denying a stay of proceedings is not a final, appealable order under R.C. 2505.02(B)); *State v. Tracy*, 5th Dist. Licking No. 04-CA-25, 2005-Ohio-1613, ¶ 16 (finding the trial court's denial of the defendant's request to supplement a prior pleading with additional argument is not a final, appealable order).

{¶16} Here, Carter argues that his due process rights will be violated in the context of his convictions, stating that if he "is not able to challenge the propriety of the trial court's erroneous decision barring appointed counsel, * * * his attorneys are left to litigate an insufficient pro se petition." He further argues that his ability to "competently and cogently present his claims" was hampered by his lack of counsel. Carter does not, however, advance a specific right he is entitled to enforce with respect to his motion to amend his petition. Carter's petition for postconviction relief is still pending before the trial court, and he will have an opportunity to advance his alleged constitutional violations raised in the petition at the hearing. Further, the fact that Carter now has counsel to assist with his petition does not implicate a constitutional right, because he is not entitled to counsel in postconviction proceedings. *State v. Mapson*, 41 Ohio App.3d 390, 535 N.E.2d 729 (8th Dist.1987) (holding that the right to counsel does not apply to postconviction proceedings because the proceedings are civil in nature). "A civil litigant's right to retain counsel is rooted in Fifth Amendment notions of due process; the right does not require the government to provide lawyers for litigants in civil matters." *State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (1987).

{¶17} The state argues that the denial of a motion to amend a postconviction petition after remand for a hearing is a final, appealable order. In support, it cites to *Chinn*, 2d Dist. Montgomery No. 18535, 2001-Ohio-1550. *Chinn*, however, is distinguishable.

{¶18} The facts in *Chinn* are procedurally similar to this case in several respects. In *Chinn*, the defendant filed a postconviction petition for relief, which was denied by the trial court without a hearing. On appeal, the Second District reversed the trial court and remanded for a hearing on Chinn's ineffective assistance of counsel claim. On remand, Chinn filed a motion to amend his petition to include issues that were not part of the remand order, including a *Brady* violation. The trial court held an evidentiary hearing, denied the motion for leave to amend, finding the arguments in his motion extended beyond the scope of the remand from the appellate court, and denied Chinn's petition for postconviction relief. Chinn then appealed, assigning as error the court's denial of his motion to amend as well as the denial of his petition for relief. Unlike in the present case, the trial court in *Chinn* held the hearing on the postconviction petition and ultimately denied the original petition *before* Chinn appealed, thus resulting in a final, appealable order. As we previously stated, R.C. 2953.23(B) provides that an order granting or denying a petition for postconviction relief is a final, appealable order. And on appeal, the reviewing court may address all interlocutory orders that merge into the final order. *See Heaton v. Ford Motor Co.*, 2017-Ohio-7479, 96 N.E.3d 1191, ¶ 20 (8th Dist.) (stating when a final judgment has been entered terminating an entire case, all prior interlocutory orders will merge into the final judgment and be appealable at that time); *Lingo v. Ohio Cent. RR.*, 10th Dist. Franklin No. 05AP-206, 2006-Ohio-2268, ¶ 17.

{¶19} In light of the foregoing, we find the trial court's order denying Carter's motion to amend his postconviction petition is not a final, appealable order pursuant to R.C. 2505.02.

{¶20} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

[Cite as *State v. Carter*, **2018-Ohio-4115.**]
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____

TIM McCORMACK, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR