[Cite as *State v. Holden*, 2021-Ohio-2749.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190741 |
| | | C-190742 |
| Plaintiff-Appellee, | : | TRIAL NOS. 19CRB-19693 A-B |
| vs. | : | |
| BRADLEY HOLDEN, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 11, 2021

*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Ashton Tucker*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James Whitfield,* for Defendant-Appellant.

**HENDON, Judge.**

{¶1}    Defendant-appellant Bradley Holden brought these appeals after the trial court denied his request for a continuance to allow his retained counsel to argue Holden's motion to withdraw his guilty pleas. Holden filed the motion pro se and then retained counsel approximately one week before the hearing on the motion. For the reasons stated herein, we reverse the trial court's judgment and remand it to the trial court to conduct proceedings consistent with this opinion.

## I.    Facts and Procedure

{¶2}    In August 2019, defendant-appellant Bradley Holden was charged with domestic violence and assault—both of which were misdemeanors in the first degree.

{¶3}    During the October 2019 trial setting, defense counsel stated to the court, "Judge, I haven't been able to get a clear answer from my client. The matter is set for trial. We are ready to proceed unless he changed his mind." The court asked Holden whether he wanted to accept the state's plea deal. Holden, appearing to be reluctant, stated, "Based on everything I heard, I feel like my best option is to accept the plea, but * * *." The court advised Holden, "If you hem and haw, I will decide for you, and I will decide for you that it will be a trial."

{¶4}    Holden stated that he would accept the state's offer—to plead guilty to the domestic-violence charge and to an amended charge of attempted assault. When the court asked Holden if he wished to plead guilty, Holden responded, "Sure." The court asked Holden whether that was a "yes or no" and Holden responded, "I don't wish to but, yes, I do accept the plea." The court said, "Then I won't accept the plea." Holden then said, "No, I do. I do. I'm* * *."

{¶5}   The court again asked Holden if he wished to plead guilty, and Holden responded, "Yes." The court advised Holden of the charges to which he was pleading, the rights that he was giving up, and potential sentencing.

{¶6}   The court addressed the state's witnesses, Danielle Pierre and Barry L. Hickson, Jr. Pierre stated that Holden was abusive in their previous relationship. Holden responded that Pierre had always initiated contact, that she had previously threatened his life, and that she had pushed him first during the incident in question.

{¶7}   The court asked defense counsel if he saw Pierre push Holden first in the video. Counsel responded, "No, not a direct hard push, Judge. In all fairness, as an officer of the court, she did have her hands on him but * * *." Counsel then offered to go into chambers so the court could watch the video. The record does not reflect that the video was played in open court or in the judge's chambers. It also does not reflect what, if anything, Holden said at this point; but it reflected counsel telling Holden "I can move to withdraw as counsel and you can get new counsel if you don't think that we're advocating * * *."

{¶8}   After the court stated the terms of the sentence, Holden said that he "did not actually punch her." The court said, "If you want me to look at the video, that may change the sentence. Do you really want me to look at that?" after which the transcript ends.

A.   <u>Motion to Withdraw the Guilty Pleas</u>

{¶9}   On October 30, 2019—28 days after sentencing—Holden filed a pro se motion to withdraw his pleas in the cases numbered 19CRB-19693-A and B. On November 11, 2019—12 days after sentencing—new counsel filed a notice of appearance to represent Holden on a probation violation in the case numbered

19CRB-19693-A. That same counsel filed another notice of appearance on the same case number on November 13, 2019—seven days before the hearing on Holden's pro se motion. The notice of appearance notes that the next court date was "11/20/19."

{¶10} During the November 2019 hearing on the motion to withdraw the guilty pleas, Holden explained that there were issues with his attorney's representation and that he had hired new counsel, who was unable to be at the hearing on that day. Holden stated that he had hired new counsel as a result of counsel's representation of Holden on the probation violation, and that his new attorney had advised him to get a continuance for the hearing on the motion. However, the court declined to continue the matter when it realized that Holden's motion was filed pro se and proceeded with the hearing.

{¶11} The court told Holden that he had already pled guilty after being advised of the rights that he was giving up and possible penalties, and that his sentence had been partially carried out, so a different standard applied. Holden responded that there was a lot of evidence that his previous attorney never shared with him—that Holden had not viewed the video and he was not able to see the statements made—and he thought the trial date would be continued as a result. Holden further stated that he pled guilty because his attorney had advised him that self-defense did not apply, and he thought that he had to plead guilty because contact was made.

{¶12} Although the court acknowledged that Holden may have been given bad legal advice, it did not permit Holden to withdraw the pleas. The court asked Holden if he understood what it meant to plead guilty to the charges. Holden began to respond, "I did not * * * I didn't know that * * *." The court asked Holden whether

4

he was listening when the court explained that a guilty plea is a complete admission of guilt. Holden responded that he was listening, but stated that he did not fully understand the court's explanation of to what he was pleading.

{¶13}  The court found that Holden had been fully apprised of what it meant for him to plead guilty and the possible penalties, that the sentence had been carried out, and that Holden had competent legal advice. It overruled Holden's motion to withdraw his guilty pleas.

### B.  Argument on Appeal

{¶14}  Holden argues that the trial court erred when it denied his motion for a continuance so that his newly-retained counsel could represent him at the hearing on his motion to withdraw his guilty pleas. He further argues that the trial court erred in denying his post-conviction motion when there was substantial evidence to support his motion, which constitutes manifest injustice.

{¶15} The state counters that Holden's original defense counsel was competent and that Holden was trying to use hybrid representation at the motion to withdraw his plea.

## II.    Standard of Review

{¶16}   "[Q]uestions of the scope and effect of constitutional protections, such as the Sixth Amendment, are matters of law and therefore reviewed de novo." *State v. Dunivant,* Stark No. 2003CA00175, 2005-Ohio-1497, ¶ 7, citing *United States v. Wilmore* (9th Cir. 2004), 381 F.3d 868, 871.

## III.    Assignments of Error

{¶17}  We focus this opinion on Holden's first assignment of error—that the trial court erred by conducting a hearing on Holden's pro se motion to withdraw his

5

guilty plea without the presence of defendant's counsel. Because the crux of Holden's post-conviction motion is to request that the plea be set aside due to ineffective assistance of counsel, and the setting aside of a plea is tasked with the trial court, we decline to address the second assignment of error.

## A. Sixth Amendment Right to Counsel

{¶18} "[I]n addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

{¶19} Absent unusual circumstances, a hearing on a motion to withdraw a guilty plea is sufficiently important in a criminal prosecution that the Sixth Amendment requires the presence of counsel. *State v. Taylor*, 11th Dist. Lucas No. 2014–L–115, 2015-Ohio-2080, 33 N.E.3d 123. However, a post-conviction proceeding is not a criminal proceeding, but rather a collateral civil attack on a criminal judgment. *State v. McKelton*, 2016-Ohio-3216, 55 N.E.3d 26, ¶ 6 (12th Dist.) Because the Sixth Amendment does not guarantee the right to appointed counsel in civil proceedings, a petitioner in post-conviction proceedings has no right to counsel. *State v. Carter*, 8th Dist. Cuyahoga No. 106655, 2018-Ohio-4115, ¶ 16.

## B. Hybrid Representation and Pro Se Motions

{¶20} A defendant who files a pro se motion to withdraw his guilty plea while represented by counsel is not entitled to a hearing. *State v. Pizzarro,* 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611, ¶ 9. If a trial court entertains

a defendant's pro se motion while he is simultaneously being represented by counsel, this effectively constitutes hybrid representation in violation of established law. *Id.*

{¶21} Trial courts need not address pro se motions when the defendant is represented by counsel: Although defendants have the right to counsel or the right to act pro se, defendants do not have any right to hybrid representation. *State v. Smith*, 2017-Ohio-8558, 99 N.E.3d 1230, ¶ 32 (1st Dist.). When a defendant is represented by counsel and counsel *does not* join in the defendant's pro se motion or otherwise indicate a need for the relief sought by the defendant pro se, the trial court cannot properly consider the defendant's pro se motion. *Id.* at ¶ 32.

{¶22} Holden had filed his motion pro se while his original trial counsel was still counsel of record. At the outset of the hearing on Holden's motion to withdraw his pleas, Holden informed the court that his newly-retained counsel told him to request a continuance on the motion. Meanwhile, it is not clear as to whether Holden's newly-retained counsel joined Holden in his post-conviction motion.

{¶23} While Holden did not have a right to *appointed* counsel in a post-conviction hearing, he did have the right to have privately-retained counsel present. Therefore, the trial court erred when it denied Holden's request for a continuance for the presence of counsel. Accordingly, Holden's first assignment of error is sustained.

## IV.  Conclusion

{¶24} A trial court is not required to grant every request for a continuance. Generally, when a defendant files a post-conviction motion pro se, the defendant should expect to argue the motion pro se. However, counsel filed a notice of appearance on Holden's probation violation and then filed another notice of appearance again shortly before the hearing on Holden's motion to withdraw his

guilty pleas. Therefore, the trial court should have allowed Holden's retained counsel to be present for the hearing on the motion. While it is not clear as to whether Holden's newly-retained counsel joined in the pro se motion to withdraw the pleas, this question can be cleared up on remand.

{¶25} Solely because the record shows a designation of counsel within one week before the hearing on Holden's motion, we find that the trial court erred in denying Holden's request for a continuance so that counsel may be present. We decline to rule as to whether the trial court should set aside Holden's pleas as we are remanding this case for further consideration by the trial court.

{¶26} We do not address the merits of Holden's appeal because, in light of remanding the matter, the merits of Holden's appeal are not yet properly before us. We therefore reverse the trial court's judgment overruling Holden's motion for a continuance and remand this matter to the trial court to conduct a hearing on Holden's motion to withdraw the guilty pleas consistent with this court's decision.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

SYLVIA SIEVE HENDON, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its entry on the date of the release of this opinion