[Cite as *State v. Fitzpatrick*, 2022-Ohio-4381.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220333 |
| | | TRIAL NO. B-0104117 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| STANLEY FITZPATRICK, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: December 9, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Santen & Hughes*, *J. Robert Linneman*, *Law Office of Timothy F. Sweeney* and *Timothy F. Sweeney*, for Defendant-Appellant.

CROUSE, Judge.

{¶1} Effective April 21, 2021, a person who has been diagnosed with certain specified mental disorders and meets the statutory criteria is ineligible for the death penalty. R.C. 2929.025(E)(1). This law was made retroactive and applies to defendants who already had been sentenced to death at the time the law became effective. R.C. 2953.21(A)(1)(a)(iv).

{¶2} Defendant-appellant Stanley Fitzpatrick was sentenced to death in 2002. He filed a postconviction petition claiming that at the time of the offense, he had a serious mental illness ("SMI") within the meaning of R.C. 2929.025 at the time of the offense and could not be sentenced to death. At issue in this case is whether an order compelling Fitzpatrick to submit to a forensic psychological examination by an expert chosen by the state is a final appealable order. We hold that it is not, and therefore, we are without jurisdiction to entertain this appeal.

### *Background*

{¶3} Fitzpatrick pleaded guilty to three counts of aggravated murder, and a three-judge panel sentenced him to death. The Ohio Supreme Court affirmed his convictions and death sentence in *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927. Fitzpatrick also filed a petition for postconviction relief. The trial court denied the petition, and this court affirmed the trial court's decision. *State v. Fitzpatrick*, 1st Dist. Hamilton No. C-030804, 2004-Ohio-5615.

{¶4} On May 5, 2020, Fitzpatrick filed a successive petition for postconviction relief. He amended that petition twice. In the second amended petition, he added a claim that he meets the requirements of the SMI statute as set forth in R.C. 2929.025(A). The trial court denied the state's motion to dismiss the petition as to the SMI claim and set the matter for a hearing.

{¶5} On May 31, 2022, the state filed a motion asking the court to appoint an "expert psychologist" and to authorize funds for that purpose under R.C.

2929.025(F)(1) and 2929.024(B)(2). Fitzpatrick opposed the motion, contending that the state's motion (1) failed to provide sufficient detail about the "breadth, scope, and procedure" for the proposed forensic examination, (2) failed to establish the state's legal right to undertake the examination, (3) failed to account for specific requirements of the SMI statute, and (4) was not timely filed.

{¶6} On June 27, 2022, the trial court granted the state's motion. It appointed the state's requested expert and ordered that the expert "shall conduct a forensic examination of Petitioner Fitzpatrick and provide a written report and testimony on the issue of Mr. Fitzpatrick's claimed intellectual disability and serious mental illness." It further stated that the expert "will evaluate Mr. Fitzpatrick's diagnosis of intellectual disability and his diagnosis of having a serious mental illness which significantly impaired his capacity to exercise rational judgment in relation to his conduct at the time of his crimes." Fitzpatrick filed a timely notice of appeal from the trial court's order. Pursuant to this court's order, the parties filed supplemental briefs on the issue of jurisdiction.

### *SMI Statute*

{¶7} Under the recently enacted SMI statute, a person has a "serious mental illness" if (1) he or she has been diagnosed with schizophrenia, schizoaffective disorder, bipolar disorder, or delusional disorder and (2) shows by a preponderance of the evidence that at the time of the aggravated murder, those conditions, while not meeting the standard to be found not guilty by reason of insanity or the standard to be found incompetent to stand trial, nevertheless significantly impaired the person's capacity to exercise rational judgment with respect to conforming the person's conduct to the requirements of the law or appreciating the nature, consequences or wrongfulness of the person's conduct. R.C. 2929.025 (A) and (D)(1).

{¶8} R.C. 2953.21(A)(1)(a)(iv) and 2953.21(A)(3)(b) allow a person convicted and sentenced to death before the effective date of R.C. 2929.025 to file a

3

postconviction petition asking the court to vacate the sentence up to one year from the effective date of the statute. *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, 179 N.E.3d 1216, ¶ 196 (Donnelly, J., concurring). The filing of the SMI petition constitutes a "waiver of any right to be sentenced under the law that existed at the time the offense was committed and constitutes consent to be sentenced to life imprisonment without parole * * *." R.C. 2953.21(A)(3)(b).

{¶9} R.C. 2929.025(F)(1) provides that if a person raises the issue of an SMI at the time of the commission of the offense, "the court shall order an evaluation of the person. Section 2929.024 of the Revised Code applies with respect to an evaluation ordered under this division." No statement that a person makes in an evaluation under that section can be used against the person on the issue of guilt in any criminal action or proceeding. R.C. 2929.025 (F)(2). Nevertheless, the statute provides that both the prosecutor and defense counsel may call as a witness any examiner who evaluated the person or prepared a report. *Id.* "Neither the appointment nor the testimony of an examiner in an evaluation ordered under division (F)(1) of this section precludes the prosecutor or defense counsel from calling other witnesses or presenting other evidence on the issue of the person's serious mental illness at the time of the alleged commission of the aggravated murder or on competency or insanity issues." *Id.*

### *Special Proceeding*

{¶10} Fitzpatrick argues that the trial court's order is final as an order that affects a substantial right in a special proceeding under R.C. 2505.02(B)(2). Postconviction proceedings under R.C. 2953.21 are special proceedings. *State v. Carter*, 8th Dist. Cuyahoga No. 106690, 2018-Ohio-4115, ¶ 11. But Fitzpatrick must also show that the trial court's order affects a substantial right.

**{¶11}** Fitzpatrick argues that the trial court's order affects his right against self-incrimination under the United States and Ohio Constitutions. Both the United States Supreme Court and the Ohio Supreme Court have rejected similar arguments in cases involving psychiatric evaluations when a defendant intends to offer psychiatric evidence in mitigation of sentence or to support his defense.

**{¶12}** A defendant who neither initiates a psychiatric evaluation nor attempts to present psychiatric evidence, cannot be compelled to respond to a psychiatrist if his statements can be used against him in a capital sentencing proceeding. *State v. Madison*, 160 Ohio St.3d 232, 2020-Ohio-3735, 155 N.E.3d 867, ¶ 114. But "a different situation arises where a defendant intends to introduce psychiatric evidence at the penalty phase." *Id.*, quoting *Estelle v. Smith*, 451 U.S. 454, 472, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).

**{¶13}** When a defendant presents expert testimony from a psychiatrist who has examined the defendant, the prosecution is entitled to rebut that testimony by presenting testimony from an expert who has also examined the defendant. In those circumstances, a compelled mental examination of the defendant does not violate the Fifth Amendment. *Id.*, citing *Kansas v. Cheever*, 571 U.S. 87, 93-95, 134 S.Ct. 596, 187 L.Ed.2d 519 (2013), and *Buchanan v. Kentucky*, 483 U.S. 402, 422-424, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987).

**{¶14}** A rule shielding the defendant from examination by the state's expert "would undermine the adversarial process by depriving the state of the 'only effective means of challenging' the defendant's psychological experts." *Madison* at ¶ 117, quoting *Cheever* at 94. This "reasoning logically applies to any case in which a defendant introduces evidence derived from a defense expert's mental examination of the defendant." *Id.* at ¶ 118. The Supreme Court reiterated this holding in *State v. Whitaker*, Slip Opinion No. 2022-Ohio-2840, ¶ 118-119. It stated, "Any other rule would undermine the adversarial process, allowing the defendant to provide the jury,

through an expert operating as proxy, with a one-sided and potentially inaccurate view of his mental state at the time of the alleged crime." *Whitaker* at ¶ 122, quoting *Cheever* at 94.

{**¶15**} In *State v. Goff*, 128 Ohio St.3d 169, 2010-Ohio-6317, 942 N.E.2d 1075, the defendant intended to present expert testimony from a psychiatric examination to support her self-defense claim based on battered-woman syndrome. The Supreme Court held that by putting her mental state directly at issue by introducing expert testimony based on her own statements to the expert, the defendant opened the door to an examination by the state's expert. *Id.* at ¶ 58. "Courts have the inherent authority to preserve the fairness in the trial process, and allowing the defendant to present expert testimony * * * while denying the prosecution the ability to introduce such evidence would unfairly handicap the prosecution and prevent the trier of fact from making an informed decision." *Id.* at ¶ 58.

{**¶16**} Fitzpatrick also argues that trial court's order affects his substantial rights under the SMI statute. He contends that the SMI statute provides substantial new rights that the defendant is entitled to enforce and protect. Thus, he argues that when a court applies the new provisions against the petitioner, it will affect his substantial rights. Under this analysis, however, a petitioner could appeal any adverse decision in an SMI proceeding and cause the piecemeal appeals that the final-order statute seeks to prevent. *See Gardner v. Ford*, 1st Dist. Hamilton No. C-150018, 2015-Ohio-4242, ¶ 3 ("Restricting appellate review to 'final decisions' prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy.").

{**¶17**} Furthermore, while R.C. 2929.025(F)(2) specifically allows the defense to present its own evidence and the statute grants certain rights to the defendant, its language does not specifically preclude the state from having its own expert evaluate the defendant.

6

**{¶18}** Most of Fitzpatrick's arguments regarding the statutory language go to the merits of an appeal after a final judgment and not whether the order he seeks to appeal is a final, appealable order. We cannot hold that an order granting the state's motion for an examination by its own expert affects Fitzpatrick's substantial rights under the Fifth Amendment or the language of the statute. Therefore, the order appealed from is not a final order under R.C. 2505.02(B)(2).

### *Provisional Remedy*

**{¶19}** Fitzpatrick also argues that the order is a final, appealable order under R.C. 2505.02(B)(4). A three-part test is used to determine whether an order is a "final order" under R.C. 2502.02(B)(4):

> (1) the order must either grant or deny relief sought in a certain type of proceeding—that the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment * * *.

*State v. Muncie*, 91 Ohio St.3d 440, 446-447, 746 N.E.2d 1092 (2001).

**{¶20}** Fitzpatrick argues that the order involves a provisional remedy. It is important to remember that the term "provisional remedy" applies to a proceeding, not an individual order. *See id.* at 447-448; *State v. Powell*, 2019-Ohio-4286, 148 N.E.3d 51, ¶ 35 (6th Dist.); *Carter*, 8th Dist. Cuyahoga No. 106690, 2018-Ohio-4115, at ¶ 18.

> [N]o "order" is ever a "provisional remedy" under the statute. The General Assembly expressly defined a "provisional remedy" as a type of proceeding. * * * An "order" is thus properly understood as the mandate from the trial court that grants or denies the particular relief at issue in that proceeding—not as the provisional remedy itself.

*Muncie* at 447-448 (a proceeding for forced medication of an incompetent defendant is a provisional remedy); *see, e.g., In re D.H.*, 152 Ohio St.3d 310, 2018-Ohio-17, 95 N.E.3d 389, ¶ 12-13 (a bindover proceeding in juvenile court is a provisional remedy); *Powell* at ¶ 35-38 (procedure for the appointment of experts for indigent defendants as outlined in Crim.R. 42(E) is a provisional remedy).

{¶21} However, we need not decide whether proceedings under the SMI statute are the type of ancillary proceedings that qualify as a provisional remedy under R.C. 2505.02(A)(3). Even if a proceeding under the SMI statute is a provisional remedy, the order from which Fitzpatrick seeks to appeal does not meet one of the other requirements of R.C. 2505.02(B)(4): (1) the order must determine the action with respect to the provisional remedy and (2) this court must determine that the defendant will not be afforded a meaningful or effective remedy by an appeal following the disposition of Fitzpatrick's postconviction petition.

{¶22} R.C. 2953.21(A) specifically provides that a person convicted and sentenced to death before the effective date of the statute may file a petition for postconviction relief. An order awarding or denying the relief sought in such a postconviction proceeding is a final judgment that may be appealed. R.C. 2953.23(B). Fitzpatrick is not appealing an order denying the relief he sought in his postconviction petition. Rather, he is appealing from a court order for a psychiatric examination that was made during the course of the litigation of his postconviction proceeding. The trial court's order does not determine the merits of Fitzpatrick's postconviction petition. He still may prevail on the merits of his SMI claim in the trial court.

8

**{¶23}** "[C]ourts have held that an immediate appeal from a provisional remedy is not appropriate where the lack of an immediate appeal does not bar a later judgment involving an appropriate remedy." *Empower Aviation, LLC v. Butler Cty. Bd. of Commrs.*, 165 Ohio App.3d 477, 2009-Ohio-6331, 924 N.E.2d 862, ¶ 21 (1st Dist.).

**{¶24}** We hold that the court order in this case is similar to an order requiring a defendant to undergo a psychiatric examination to determine whether he is competent to stand trial. While an order finding a defendant incompetent to stand trial and committing him to an institution is a final, appealable order, *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, syllabus, at least one court has found that an order requiring the defendant to undergo a competency evaluation is not a final, appealable order. *See State v. Eyajan*, 11th Dist. Ashtabula Nos. 2019-A-0005, 2019-Ohio-0006, 2019-A-0007, 2019-A-0008, 2019-A-0009 and 2019-A-0010, 2019-Ohio-419, ¶ 6-7. ("[I]n this case, the court merely ordered a competency evaluation. The examination has not been held, and there has been no disposition of either appellant's competency or the criminal charges against her. Thus, the appeals are premature."). Similarly, courts have held that an order finding a defendant competent to stand trial is not a final, appealable order because the defendant would have a meaningful and effective remedy of filing an appeal after the disposition of the case. *See State v. Glynn*, 2d Dist. Montgomery No. 28824, 2020-Ohio-7031, ¶ 7-8; *State v. Shine*, 7th Dist. Mahoning No. 15 MA 0210, 2016-Ohio-1445, ¶ 9; *In re J.W.*, 11th Dist. Geauga No. 2009-G-2939, 2010-Ohio-707, ¶ 11-15.

**{¶25}** It is important to remember that Fitzpatrick's SMI claim does not concern his guilt or innocence. Rather, if he prevails, he consents to a sentence of life without parole. If he does not prevail, he can appeal the trial court's decision to this court, including all the issues he has raised about the propriety of the court-ordered

psychiatric evaluation. Therefore, the order appealed from is not a final, appealable order under R.C. 2505.02(B)(4).

### *Conclusion*

**{¶26}** The trial court's order in this case is truly interlocutory, and interlocutory appeals are disfavored in Ohio law. *See State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 18. Because the order appealed from is not a final, appealable order within the meaning of R.C. 2505.02, we are without jurisdiction to determine the appeal, and we must dismiss it. *See State v. Arszman*, 1st Dist. Hamilton No. C-170595, 2018-Ohio-4132, ¶ 5.

Appeal dismissed.

.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.